IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:25-cv-145

| | |
|---|---|
| JUSTIN MYREE,<br><br>    Plaintiff,<br><br>v.<br><br>JANE and/or JOHN DOE and NORTH CAROLINA AGRICULTURAL AND TECHNOLOGY STATE UNIVERSITY,<br><br>    Defendants. | **NOTICE OF REMOVAL**<br>**28 U.S.C. §§ 1331, 1441, and 1446**<br><br>**Guilford County Superior Court**<br>**State of North Carolina**<br>**25CV002767-400** |

TO:  The United States District Court
     for the Middle District of North Carolina

PLEASE TAKE NOTICE THAT Defendant North Carolina Agricultural and Technical State University[1] (hereinafter "NC A&T") submits this Notice of Removal under 28 U.S.C. §§ 1331 and 1441(a) to this Honorable Court.

In support of this Notice, Defendant states the following:

PROCEDURAL BACKGROUND AND RELEVANT ALLEGATIONS

---

[1] The Complaint filed in Guilford County mis-identifies Defendant as "North Carolina Agricultural and Technology State University."

1. Justin Myree commenced this action by filing a complaint on February 5, 2025 in the General Court of Justice, Superior Court Division, Guilford County North Carolina. Myree's case was docketed as 25CV002767-400.

2. Myree's complaint asserts 10 causes of action: (1) defamation – libel per se against Defendant Jane Doe and/or John Doe, (2) defamation – slander per se against Defendant Jane Doe and/or John Doe, (3) defamation – libel per quod against Defendant Jane Doe and/or John Doe, (4), defamation – slander per quod against Defendant Jane Doe and/or John Doe, (5) defamation – libel per se against Defendant NC A&T, (6) defamation – slander per se against Defendant NC A&T, (7) defamation – libel per quod against Defendant NC A&T, (8) defamation – slander per quod against Defendant NC A&T, (9) Violation of Title IX of the Education Amendments pursuant to 28 U.S.C. § 1681, et seq. against Defendant NC A&T, and (10) breach of contract against Defendant NC A&T.

FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

3. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as it is apparent from Plaintiff's complaint that this action arises under and presents questions of federal law. Specifically, Plaintiff alleges violations under Title IX of the Education Amendments pursuant to 28 U.S.C.

§ 1681, et seq. Accordingly, Defendants may remove this action to this Court. 28 U.S.C. § 1441(a).

4. The Court also has supplemental jurisdiction over Myree's state-law claims. Because the Court has original jurisdiction over Myree's federal claims, the Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Federal and state law claims that "derive from a common nucleus of operative fact[s]" form a single constitutional case for the purpose of subject-matter jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

5. Myree's state-law claims are based on the same operative facts as his federal claims. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claims.

## NOTICE OF REMOVAL IS TIMELY

6. Defendant NC A&T was served with the complaint on February 13, 2025. Thus, NC A&T has until Friday, March 14, 2025, to file notice of removal. As a result, removal is timely under 28 U.S.C. § 1446(b)(1).

## VENUE

7. Venue is proper because the Middle District of North Carolina includes the Superior Court of Guilford County, North Carolina, where this lawsuit was originally filed. 28 U.S.C. §§ 113(a), 1441(a).

## UNANIMOUS CONSENT TO REMOVAL

8. Pursuant to 28 U.S.C. § 1446(b)(2), undersigned counsel certifies that all known defendants named in the state court action consent to this Notice of Removal. *See McKinney v. Rodney C. Hunt Co.*, 464 F. Supp. 59, 62 (W.D.N.C. 1978) ("[N]ominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded" with respect to removal petitions.)

## NOTICE TO PLAINTIFF AND STATE COURT

9. Under 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiff and filed promptly with the Clerk of the Superior Court for Guilford County.

## NON-WAIVER OF DEFENSES

10. By filing this Notice of Removal, Defendant NC A&T does not waive any defenses that may be available to it and expressly reserves all such defenses, objections, and motions.

WHEREFORE, Defendant NC A&T gives notice that the above-styled action pending in the Superior Court for Guilford County, North Carolina, has been removed to this Court and that this Court has full jurisdiction over the claims herein as provided by law.

This 25th day of February, 2025.

> JEFF JACKSON
> Attorney General
>
> /s/ Lindsay Vance Smith
> Lindsay Vance Smith
> Special Deputy Attorney General
> NC State Bar No. 48085
> lsmith@ncdoj.gov
>
> North Carolina Department of Justice
> PO Box 629
> Raleigh, NC  27602
> Tel: 919-716-6065
> Fax: 919-716-6764
> *Counsel for Defendant NC A&T*

## CERTIFICATE OF SERVICE

I certify that the foregoing NOTICE OF REMOVAL was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the below listed attorney for Plaintiff, if registered, and I have served the document upon opposing counsel by mailing via the US Mail, first class, postage prepaid, addressed as follows:

Tamara M. Gomez
Leslie Muse
PARTON LAW PLLC
122 N. McDowell Street
Charlotte NC 28204

Gomez@PartonNC.com
Muse@PartonNC.com

*Attorneys for Plaintiff*

        /s/Lindsay Vance Smith
        Lindsay Vance Smith
        Assistant Attorney General