IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:25-cv-145

| | |
|---|---|
| JUSTIN MYREE,<br><br>    Plaintiff,<br><br>v.<br><br>JANE and/or JOHN DOE and NORTH CAROLINA AGRICULTURAL AND TECHNOLOGY STATE UNIVERSITY,<br><br>    Defendants. | **JOINT MOTION TO STAY NORTH CAROLINA ARGICULTURAL AND TECHNICAL STATE UNIVERSITY'S RESPONSIVE PLEADING DEADLINE** |

Under the broad discretion of the Court, Plaintiff Justin Myree and Defendant North Carolina Agricultural and Technical State University ("University") request to stay the University's deadline to respond to the Complaint while Plaintiff attempts to obtain identifying information of the Jane and/or John Doe Defendant(s) named in the Complaint. Specifically, the parties request that the University's responsive pleading deadline be stayed until 30 days after (1) any amended Complaint is filed with the Court or (2) the Court orders the stay be lifted.

In support of this motion, the parties state:

1. Plaintiff commenced this action by filing a complaint on February 5, 2025, in the General Court of Justice, Superior Court Division, Guilford County North Carolina. DE 5.

2. Plaintiff's complaint asserts 10 causes of action: (1) defamation – libel per se against Defendant Jane Doe and/or John Doe, (2) defamation – slander per se against Defendant Jane Doe and/or John Doe, (3) defamation – libel per quod against Defendant Jane Doe and/or John Doe, (4), defamation – slander per quod against Defendant Jane Doe and/or John Doe, (5) defamation – libel per se against the University, (6) defamation – slander per se against the University, (7) defamation – libel per quod against the University, (8) defamation – slander per quod against the University, (9) Violation of Title IX of the Education Amendments pursuant to 28 U.S.C. § 1681, et seq. against the University, and (10) breach of contract against the University. *See generally* DE 5.

3. On February 25, 2025, the University removed the action to this Court. DE 1. The following day, the University moved for an extension of time to respond to the Complaint. DE 7.

4. The Court granted the University's motion, making the University's responsive pleading due by April 7, 2025. *See* Feb 26, 2025 Text Order. In addition, the Court ordered that "before filing any motion to

dismiss" the parties shall meet and confer "about the basis of any such anticipated motion and whether disputed issues can be resolved or narrowed by an amended complaint." *Id.*

5. The parties met and conferred about the University's anticipated motion to dismiss on March 7, 2025 and March 18, 2025.

6. Based on the March conversations, Plaintiff anticipates amending at least some of his claims against the University.

7. In addition, during the March 18 meet and confer, Plaintiff shared that he intended to request leave of Court to issue a subpoena to SideChat before formal discovery commences. The subpoena would seek identifying information about the Doe Defendant(s).

8. Plaintiff provided a copy of the proposed SideChat subpoena to the University. The University advised Plaintiff that it takes no position on Plaintiff's anticipated request. Plaintiff plans to file a motion with the Court soon.

9. If Plaintiff obtains identifying information about the Doe Defendants from SideChat, Plaintiff intends to amend his Complaint to identify the Doe Defendants by name.

10. In light of Plaintiff's anticipatory amendments, the parties considered ways to avoid superfluous amendments and redundant motion

3

practice. The parties discussed upcoming deadlines and whether a pause of the University's responsive pleading deadline could serve judicial economy and reduce unnecessary work by the parties.

11. To that end, Plaintiff and the University now jointly seek a stay of the University's deadline to respond to the Complaint while Plaintiff pursues early issuance of the SideChat subpoena.

12. The limited stay would allow Plaintiff the opportunity to seek identifying information of the Doe Defendant(s) from SideChat via subpoena. And, if Plaintiff obtains such identifying information, the stay also would allow Plaintiff to amend his Complaint once—amending his claims against the University and amending to name the Doe Defendant(s) at the same time.

13. Additionally, reducing the number of pleading amendments would streamline expected motion practice. For example, Plaintiff could avoid filing a motion to amend. And, the University could avoid moving to dismiss a complaint that Plaintiff anticipates amending, mooting the University's motion.

14. For at least these reasons, there is good cause to stay the University's responsive pleading deadline to allow Plaintiff time to pursue the narrow discovery he seeks and to potentially amend his complaint once.

4

Case 1:25-cv-00145-TDS-JEP    Document 11    Filed 03/31/25    Page 4 of 7

15. Alternatively, the parties request a short extension of fourteen additional days, through April 21, 2025, for the University to file a responsive pleading to the Complaint during which time Plaintiff intends to amend his claims against the University.

16. The parties do not seek an extension for any improper purpose. Rather, the parties ask the Court for this stay to promote efficiency in the legal process.

WHEREFORE, the parties jointly request that the Court stay the University's deadline to respond to the Complaint until 30 days after (1) any amended Complaint is filed with the Court or (2) the Court orders the stay be lifted; or, in the alternative, grant the University a fourteen day extension of time to respond to the Complaint through April 21, 2025; or grant any other further relief that the Court deems just and proper.

This 31st day of March, 2025.

/s/ Christi Hunoval
Christi Hunoval
NC State Bar No. 37194
hunoval@partonnc.com

Parton Law PLLC
122 N. McDowell Street
Charlotte, NC 28204
Tel: (704) 376-4488
Fax: (704) 731-0904
*Attorney for Plaintiff*

5

JEFF JACKSON
Attorney General

/s/ Adrina G. Bass
Adrina G. Bass
Special Deputy Attorney General
NC State Bar No. 39521
abass@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: (919) 716-6920
Fax: (919) 716-6764
*Attorney for North Carolina Agricultural and Technical State University*

6

CERTIFICATE OF SERVICE

I certify that the foregoing **JOINT MOTION TO STAY NORTH CAROLINA ARGICULTURAL AND TECHNICAL STATE UNIVERSITY'S RESPONSIVE PLEADING DEADLINE** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including counsel for Plaintiff.

This the 31st day of March, 2025.

/s/ Adrina G. Bass
Adrina G. Bass
Special Deputy Attorney General

7